IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-13-138-6-F |
| ) | |
| ERLINDA RAMIREZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Before the court is defendant Erlinda Ramirez's *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (doc. no. 831).[1] Plaintiff United States of America has responded to the motion (doc. no. 841). The matter is thus at issue.[2]

I.

On August 21, 2013, a federal grand jury returned a Superseding Indictment charging defendant with conspiring to possess with intent to distribute, and to distribute marijuana, cocaine powder, and methamphetamine, in violation of 21

---

[1] Because defendant is appearing pro se, the court construes her filing liberally, but it does not act as her advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] In her motion, doc. no. 831, at p. 6, defendant requests the appointment of counsel. The court concludes that defendant's request should be denied. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008), *cert. denied*, 555 U.S. 860 (2008). And no right to counsel extends to a motion for a reduction of sentence or compassionate release under section 3582(c)(1)(A). *See*, United States v. Hemmelgarn, 15 F.4th 1027, 1032 (10th Cir. 2021). While the court has discretion to appoint counsel, *see*, Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001), the court declines to do so. The court opines that the issues presented by defendant's motion are not overly complex and defendant, as shown in her filing, has the ability to present those issues.

U.S.C. § 846 (Count 1); conspiring to launder money, in violation of 18 U.S.C. § 1956(h) (Count 2); possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 32); and aiding and abetting money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 (Counts 36-42). Without a plea agreement, defendant pleaded guilty to Counts 1, 2, and 36-42, and the court dismissed Count 32.

The Probation Office prepared a final presentence investigation report recommending an advisory guideline range of 262 to 327 months' imprisonment, based on a total offense level of 34 and a criminal history category of VI. At sentencing, the court adopted the final presentence investigation report without change. On September 3, 2014, the court sentenced defendant below the advisory guideline range to a term of imprisonment for 240 months on each count to run concurrently. Judgment was entered that same day. Defendant appealed her convictions. On May 29, 2015, the Tenth Circuit dismissed the appeal, finding it presented only frivolous issues.

The current motion is defendant's third motion for compassionate release. She asserts that a reduction in sentence is warranted because she received an unusually long sentence, she has served over 10 years of that sentence, and a change in the sentencing law has occurred. She also relies upon the needs of her family and her rehabilitation.[3]

## II.

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few

---

[3] The court dismissed defendant's first motion for compassionate release because she failed to show compliance with the exhaustion or 30-day requirement of 18 U.S.C. § 3582(c)(1)(A). *See*, doc. no. 766. The court dismissed the second motion for compassionate release on the merits, finding the factors in 18 U.S.C. § 3553(a) weighed against a reduction in sentence. *See*, doc. no. 796. The grounds for her motions were the COVID-19 pandemic, her health, and her housing.

narrow exceptions.'" United States v. Maumau, 993 F.3d 821, 830 (10th Cir. 2021) (quoting Freeman v. United States, 564 U.S. 522, 526 (2011)) (alteration in original). "One such exception is contained in [18 U.S.C.] § 3582(c)(1)." Id. Section 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, the court must find that (1) "extraordinary and compelling reasons warrant such a reduction," (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction. 18 U.S.C. 3582(c)(1)(A)(i); see also, United States v. McGee, 992 F.3d 1035, 1042 (10th Cir. 2021).[4]

The Tenth Circuit has determined that section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional. United States v. Hemmelgarn, 15 F.4th 1027, 1030 (10th Cir. 2021). Instead, it is a mandatory claim-processing rule that the government may waive or forfeit. Id. at 1030-31. But when "the government invokes it," the court must enforce it. United States v. Gieswein, 2021 WL 4852420, at *2, n. 2 (10th Cir. Oct. 19, 2021) (unpublished decision cited as persuasive pursuant to 10th Cir. R.

---

[4] In McGee, the Tenth Circuit held that the United States Sentencing Commission's then-existing policy statement, which was promulgated before the First Step Act was enacted, was applicable "only to motions for sentence reductions filed by the Director of the [Bureau of Prisons], and not to motions filed directly by defendants." McGee, 992 F.3d at 1050. However, effective November 1, 2023, the Sentencing Commission amended the guidelines to reflect that compassionate release motions may be brought by either the Director of the Bureau of Prisons or the defendant. The Tenth Circuit has determined that the Sentencing Commission's newly promulgated policy statement in U.S.S.G. § 1B1.13 is now applicable to motions for sentence reduction filed by either the Director of Bureau of Prisons or a defendant. United States v. Bradley, 97 F.4th 1214, 1217 n. 1 (10th Cir. 2024).

32.1(A)). Here, the government invokes the rule, and the court agrees that defendant has failed to exhaust her administrative remedies.

With her motion, defendant proffers a denial by her warden of her request for compassionate release/reduction in sentence. The government, in response, proffers evidence that the warden's denial was two days after defendant submitted her request by email.

Because defendant's request was denied by the warden within 30 days of her request, defendant was required to fully exhaust all her administrative appeal rights prior to filing her motion. *See*, Maumau, 993 F.3d at 830 (explaining the exhaustion requirement is satisfied "after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion, or the passage of 30 days from the defendant's *unanswered* request to the warden for such relief.") (emphasis in original).[5] Defendant does not indicate that she filed an appeal of the warden's denial, much less received a final denial from the General Counsel of the Bureau of Prisons.

Because defendant has not demonstrated that she complied with the full exhaustion requirement of section 3582(c)(1)(A) prior to filing her third motion, the court concludes that defendant's motion is subject to dismissal without prejudice for failure to exhaust administrative remedies.

Alternatively, in the interest of justice, the court finds that defendant's motion should be denied on the merits. The court concludes that the § 3553(a) factors weigh against a sentence reduction. Relevant § 3553(a) factors include, but are not limited to, the nature and circumstances of defendant's offense and the history and

---

[5] A denial of a request by the warden is governed by 28 C.F.R. § 571.63. Under that regulation, defendant may appeal the warden's denial through the "Administrative Remedy Procedure" (28 C.F.R. part 542, subpart B – 28 C.F.R. §§ 542.10-542.19). *See*, 28 C.F.R. § 571.63(a). A decision from the General Counsel of the Bureau of Prisons is the final step in the Administrative Remedy Procedure, 28 C.F.R. § 542.15(a), and constitutes a final administrative decision. *Id*.

4

characteristics of defendant, the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, and to protect the public from further crimes of the defendant.

Defendant is incarcerated because she committed serious offenses—conspiracy to possess with intent to distribute and to distribute marijuana, cocaine powder, and methamphetamine, in violation of 21 U.S.C. § 846, conspiracy to launder money, in violation of 18 U.S.C. § 1956(h), and aiding and abetting money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Defendant's sentence of 240 months was below the recommended advisory guideline range of 262 to 327 months' imprisonment.

Prior to her federal offenses, defendant had a state felony conviction for possessing a controlled substance with intent to distribute and a state felony conviction for distribution of a controlled substance. Defendant committed the federal offenses while under the sentence for distribution of a controlled substance. In short, defendant has chosen, repeatedly, to participate in the distribution of poison in the community. She has not satisfied the court that her current sentence is anything other than an interruption in her persistent involvement with distribution of hard drugs such as cocaine and methamphetamine.

Defendant is almost 55 years old. She has less than 5 years of imprisonment remaining. Her projected release date is July 1, 2029.

To her credit, defendant has participated in programming by the Bureau of Prisons. She also has a minimum or low recidivism risk level and a minimum or low security level. However, defendant has been sanctioned for being in an authorized area (2024) and misusing authorized medication, possessing an unauthorized item and disruptive conduct (2023).

After consideration of the relevant factors and mindful that the court sentenced defendant below the advisory guideline range, the court concludes that a

term of imprisonment longer than defendant has served to date is necessary to reflect the seriousness of defendant's offenses, provide just punishment for the offenses, and protect the public from further criminal activity.  While defendant's rehabilitation efforts, her service of over 10 years of her sentence, her recent loss of a son, and her concern for her daughter, elderly mother, and other family members are acknowledged, the court concludes these factors do not support early release from incarceration.  Therefore, the court concludes that a sentence reduction is not appropriate.

III.

Accordingly, defendant Erlinda Ramirez's *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (doc. no. 831), is **DISMISSED** without prejudice for failure to exhaust administrative remedies as required by the statute.  Alternatively, the motion is **DENIED** on the merits.

IT IS SO ORDERED this 7th day of August, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0138p153 (Ramirez) REV.docx